## Case No. 9,772a.

### MOORE v. PAXTON.

[Hempst. 51.] [1]

Superior Court, Territory of Arkansas. Oct., 1827.

LIMITATION OF ACTIONS—FOREIGN JUDGMENT.

1. The statute of limitations is not pleadable to a judgment rendered in another state.

2. Where process is served on the defendant, or his appearance entered to the action, the judgment of another state is conclusive; and no pleas can be interposed thereto, nor can it be impeached in any other way than it could be in the state where rendered.

[This was an action by Alexander S. Moore against Joseph Paxton.]

[1] [Reported by Samuel H. Hempstead, Esq.]

OPINION OF THE COURT. This is an action of debt brought by the plaintiff against the defendant, upon a judgment obtained in the state of South Carolina. The defendant has plead the statute of limitations, to which plea the plaintiff has demurred. The statute is as follows: "All actions of debt grounded upon any lending or contract, without specialty, shall be brought within five years after the cause of action shall accrue." Geyer, Dig. 274. This has been considered a question of great importance, and has been ably argued at the bar. We are satisfied that the statute of limitations cannot be plead to an action of debt founded on a judgment from another state, or territory, where the process was served upon the defendant in person, or his appearance entered to the action. The judgments of sister states do not stand upon the same footing as foreign judgments; but where the defendant has personal notice by the service of process, or enters his appearance, the judgment is conclusive, and cannot be inquired into in any other way than it could be in the state where the judgment was obtained, and no other pleas can be interposed thereto. This doctrine has been settled by the supreme court of the United States, in Mills v. Duryee, 7 Cranch [11 U. S.] 481, and Hampton v. McConnell, 3 Wheat. [16 U. S.] 234. The demurrer to the plea of the statute of limitations must be sustained. Judgment for plaintiff.